294

## In re Spence

UMSTED, Special Deputy Attorney General, December 27, 1944.—Under date of November 29, 1944, you requested our opinion concerning the effect to be given the action of the Board of Pardons in the case of Leroy Spence by the Department of Welfare, and more specifically the Pennsylvania Industrial School at White Hill.

On February 3, 1944, Leroy Spence was sentenced by the Court of Oyer and Terminer of Allegheny County to pay a fine of $6\frac{1}{4}\cent$ and costs of prosecution to the Commonwealth of Pennsylvania, and to be imprisoned

in the Pennsylvania Industrial School at White Hill for an indeterminate term. This is technically known as a general sentence. Defendant had been convicted of burglary under section 901 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4901, the maximum period of confinement for which is fixed at 20 years.

Twenty years, therefore, was the maximum time this prisoner could be detained at the institution on the general sentence under the provisions of section 6 of the Act of April 28, 1887, P. L. 63, 61 PS §485, and the pertinent provisions of the Act of June 21, 1937, P. L. 1944, 61 PS §545-1 et seq.

On November 10, 1944, the Board of Pardons commuted the general sentence of imprisonment of Leroy Spence to 9 months and 20 days, expiring November 23, 1944, but took no action with regard to that portion of the sentence dealing with the fine and costs of prosecution.

In these circumstances, we must hold that the Industrial School at White Hill is obliged to release the prisoner upon satisfactory evidence of payment of the fine and costs of prosecution. The general sentence of imprisonment has been served. However, the prisoner cannot be released unless he either pays the fine and costs of prosecution or serves three months' additional imprisonment, which will enable him to take advantage of the insolvent laws: Commonwealth ex rel. Myers v. Shearer, Keeper, etc., 7 D. & C. 150 (1925).

Under section 6 of the Act of 1887, supra, it is provided that every sentence to a reformatory shall be a general sentence to imprisonment and that the courts of the Commonwealth imposing such a sentence shall not fix or limit the duration thereof; that the term shall be as fixed by the trustees but shall not be greater than the maximum provided by law for the crime for which the prisoner was convicted and sentenced. This law is made applicable to the Industrial School at White Hill under the Act of 1937, supra. But the discretionary power to release before the maximum term, as above

defined, in cases where that maximum is two years or more, is in the Pennsylvania Board of Parole by virtue of the Act of August 6, 1941, P. L. 861, 61 PS §§331.1 et seq.

Since in this case there is no minimum fixed by the sentence of the court, it cannot be said that the Board of Pardons commuted the minimum sentence of the prisoner and, therefore, made him eligible, at the expiration of the commuted term, to parole. Furthermore, any thought that such was the intention is negatived by the fact that under the Parole Law of 1941, supra, the prisoner could have been paroled the day after his incarceration as we have heretofore said in formal opinion 449, dated February 26, 1943, to Hon. Louis N. Robinson, then chairman of the Board of Parole [In re Parole (No. 1), 46 D. & C. 542].

It follows then, that the commutation by the Board of Pardons must be considered a commutation of the maximum sentence and, therefore, a reduction of the period of 20 years for which the prisoner might have been held, to 9 months and 20 days. At the expiration of that period of time on November 23, 1944, the prisoner's general sentence must be deemed to have been served in full. However, his release from incarceration is not indicated until he has satisfied the institution authorities that the fine and costs of prosecution which were imposed have been paid.

It is our opinion and you are, therefore, accordingly advised that Leroy Spence should be immediately discharged from the Pennsylvania Industrial School at White Hill, upon the production of satisfactory evidence of the payment of a fine of 6¼¢ and costs of prosecution imposed upon him by the sentence of the Court of Oyer and Terminer of Allegheny County, to January term, 1944, nos. 98-101 and 106.